UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CLINT PHILLIPS, III, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:25-cv-00221-SEP |
| UNKNOWN LAWTON, et al., | ) ) ) |
| Defendants. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon review of self-represented Plaintiff's handwritten Complaint, Doc. [1], which is defective because it was not drafted on the Court's Prisoner Civil Rights Complaint form.[1] *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable."). Also, Plaintiff has neither paid the $405 filing fee nor filed a properly supported motion for leave to proceed *in forma pauperis*. Doc. [3]. Because Plaintiff is a self-represented litigant, the Court will allow him 21 days from the date of this Order to file an amended complaint on the Court's form and file a motion to proceed *in forma pauperis* or pay the Court's filing fee in full. Plaintiff's motion for appointment of counsel, Doc. [2], is denied at this time.

### PLAINTIFF'S MOTION TO PROCEED *IN FORMA PAUPERIS*

Under the Local Rules of this Court: "An application to proceed *in forma pauperis* shall be accompanied by a statement of the applicant's financial information set forth on a form provided by the Court. The Court may require the submission of additional information in a particular case." E.D. Mo. L.R. 2.05(A). Additionally, under the Local Rules, the Clerk can return any complaint submitted for filing *in forma pauperis* that is not accompanied by an affidavit as required by 28 U.S.C. § 1915(a). *See* E.D. Mo. L.R. 2.05(C).

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). *In forma pauperis* status is a matter of privilege, not

---

[1] Although Plaintiff is not incarcerated, the Prisoner Civil Rights Complaint form should be used for claims brought by pretrial detainees against state actors. The form allows parties pursuing claims under 42 U.S.C. § 1983 to designate whether they are suing defendants in their official or individual capacities.

of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute" but must demonstrate that, "because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life."  *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir. 2000).

      Plaintiff's current application does not provide all the information the Court needs to assess whether Plaintiff may proceed without paying the filing fee under 28 U.S.C. § 1915(a)(1).  In response to the question asking if he is employed, Plaintiff has written a phone number and "please notify," along with the words "representative payee."  Plaintiff indicates that he has a "representative payee" who pays all of his bills.  He also claims to receive approximately $5,219 in monthly income yet has a negative balance in his checking and savings accounts.  Plaintiff also suggests that he is responsible for paying child support, a monthly mortgage, transportation costs, food and clothing costs, as well as monthly debts to various financial institutions.

      Plaintiff will be required to fill out a new Application to Proceed in District Court Without Prepaying Fees or Costs so that this Court can assess the amount of funds he has available to him each month.  In his new application, he should explain whether he needs to get permission from another individual, such as a guardian or a conservator, to utilize funds.  If so, he must indicate what funds he has ready access to each month and what amount he needs permission from a conservator or guardian to access.

      Under 28 U.S.C. § 1915, Plaintiff must either provide the required financial information on a properly completed application or pay the full filing fee for this case to proceed.  If Plaintiff does not either pay the $405 filing fee or complete and return the form within 21 days of the date of this Order, the Court will dismiss this action without prejudice and without further notice.

**FACTUAL BACKGROUND**

Plaintiff has filed more than 70 cases in this Court since 2010.  He brings the instant civil rights action pursuant to 42 U.S.C. §§ 1983 and 1985 against St. Louis County, Missouri, the City of Bellefontaine Neighbors, and Police Officer Unknown Lawton.  This appears to be the fourth time he has brought these particular allegations before the Court.  *See Phillips v. Bittick, et al.,* No. 4:24-cv-00048 RWS (E.D. Mo. 2024) (case dismissed pursuant to 28 U.S.C. § 1915(g)'s "three strikes" provision); *Phillips v. Lawton, et al.,* No. 4:24-cv-00120 RLW (E.D. Mo. 2024) (case dismissed pursuant to Federal Rule of Civil Procedure 41(b)); and *Phillips, et al. v Bittick,*

*et al.,* No. 4:24-cv-00185 RLW (E.D. Mo. 2024) (case dismissed pursuant to Federal Rule of Civil Procedure 41(b)).  Despite having filed this or a substantially similar case multiple times before, Plaintiff failed to indicate as much on his Civil Cover Sheet.  *See* Doc. [1-1].

## THE COMPLAINT

The facts as alleged in the Complaint are:  On December 12, 2023, Plaintiff was unlawfully seized by Officer Lawton in the City of Bellefontaine Neighbors.  Doc [1] at 5. Lawton told him that he was not under arrest, but he was nonetheless "illegally transported" to a holding facility and placed in a cell.  *Id*.  Plaintiff's fingerprints and DNA were taken without a warrant or probable cause.  *Id*.  Then Lawton attempted to "coerce" him into waiving his *Miranda*[2] rights but Plaintiff demurred and asked for a lawyer:

> I told him that I would not make a statement, and I wanted a lawyer and that he should end his interrogation and release me as I was otherwise entitled because the 2nd Degree Domestic of which I was initially charged were dismissed, already constituting a malicious prosecution. Thereafter Officer Lawton illegally transported me from the jail to the Circuit Clerk[']s Office. A practice that is condemned by all courts.
>
> The St. Louis County Justice Center took me in as a prisoner when they knew or should've known that they had no right to jail me . . . .

Doc. [1] at 6.  During intake at the St. Louis County Justice Center, Plaintiff was charged with "trumped up" charges of armed criminal action, first degree domestic assault and unlawful use of a weapon.  *Id*.  He was incarcerated until March 1, 2024, when the "prosecutor and the grand jury closed the docket" after a "mutual understanding and meeting of the minds."  *Id.*

Plaintiff asserts that the City of Bellefontaine Neighbors is liable for violating his constitutional rights under two theories:  failure to train and deliberate indifference.  Plaintiff also asserts that there was a "meeting of the minds" between the City of Bellefontaine Neighbors and Lawton, such that both Defendants are liable under 42 U.S.C. § 1985 for civil conspiracy. However, he has not indicated who at the City is liable for conspiracy.

## DISCUSSION

As currently set forth, some of Plaintiff's claims are difficult to discern and fail to state a claim for relief.  Furthermore, Plaintiff's claims in this action appear to contradict claims made in his prior lawsuits before this Court.

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

3

For example, Plaintiff's complaint in *Phillips v. Bittick, et al.,* No. 4:24-cv-00048 RWS, Doc. [1], presented a different account of his arrest by Officer Lawton. There, it followed an altercation with individuals Dorian Rollins and Allen Triplett during the first week of December 2023. Triplett hit Plaintiff in the head with a wine bottle and, in "self-defense," he threw Rollins off him and hit him in the face. *Id*. After Plaintiff was treated at the hospital, he was civilly committed for psychiatric care at Barnes Hospital, and after his release Officer Lawton came to his home to arrest him for an outstanding warrant on a second-degree domestic assault charge. "Court was held on the 19th Dec. over the protest and will of myself the plaintiff . . . ." *See id* at 4.[3]

In *Phillips v. Lawton, et al.,* No. 4:24-cv-00120 RLW, Plaintiff asserted that he was "forced/coerced" into "allowing" Officer Lawton to take his DNA, Doc. [1] at 2, although, in that and the prior-filed case, *Phillips v. Bittick, et al.,* No. 4:24-cv-00048 RWS, Plaintiff admitted that his DNA was taken incident to an arrest with a warrant. In the instant case, Plaintiff asserts that his fingerprints and DNA were taken without a warrant or probable cause.

Considering Plaintiff's prior contradictory claims before this Court in his other cases, and due to his pro se status, the Court will allow Plaintiff the opportunity to amend his pleading in this case. Plaintiff is cautioned that his statements in this newest pleadings may not contradict prior statements made under oath relating to this matter.

### INSTRUCTIONS FOR AMENDING THE COMPLAINT

The filing of an amended complaint completely replaces the original pleading, so Plaintiff must include every one of the claims he wishes to pursue in his amended complaint. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Plaintiff's allegations may not be conclusory but must show how all defendants are personally involved in or directly responsible for the alleged harm. *See Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985). All of Plaintiff's claims should be clearly set forth in the "Statement of Claim" section of the Court-provided form.

If Plaintiff fails to file an amended complaint on the Court's form within 21 days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice. Furthermore, if Plaintiff fails to file a properly supported motion to

---

[3] Plaintiff's amended complaint in *Phillips v. Bittick, et al,* No. 4:24-cv-00048 RWS, was signed under penalty of perjury, and he attested that all facts pleaded therein were true and correct. Doc. [3] at 10.

4

proceed *in forma pauperis* or pay the Court's filing fee in full within 21 days, the Court will dismiss this action without prejudice and without further notice.

### MOTION FOR APPOINTMENT OF COUNSEL

Plaintiff has filed a motion for appointment of counsel, which will be denied at this time. Doc. [2].  In civil cases, a litigant does not have a constitutional or statutory right to appointed counsel.  *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013).  Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel."  *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018).  When determining whether to appoint counsel for an indigent litigant, a court considers such factors as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim.  *Phillips v. Jasper Cty. Jail,* 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time.  So far, Plaintiff has demonstrated that he can adequately present his claims to the Court, and neither the factual nor the legal issues in this case seem complex. Because those circumstances may change, the Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Proceed *In Forma Pauperis*, Doc. [3], is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to Plaintiff a blank copy of the Court's Prisoner Civil Rights Complaint form, and a form Application to Proceed in District Court without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that, within **21 days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided Prisoner Civil Rights Complaint form in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **21 days** of the date of this Order, Plaintiff shall either pay the full filing fee or submit a completed Application to Proceed in District Court without Prepaying Fees or Costs form.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [2] is **DENIED without prejudice.**

**IT IS FINALLY ORDERED** that Plaintiff's failure to timely comply with this Order will result in the dismissal of this case, without prejudice and without further notice.

Dated this 2nd day of July, 2025.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE