**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| CLINT PHILLIPS, III, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 4:25-cv-00221-SEP |
| UNKNOWN LAWTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

Before the Court are self-represented Plaintiff Clint Phillips, III's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [9], and "Order to Show Cause," Doc. [10]. For the reasons set forth below, the Court will deny the former and give Plaintiff until **Friday, April 17, 2026**, to pay the full $405 filing fee. The latter will be denied without prejudice.

**BACKGROUND**

Plaintiff has filed more than 70 cases in this Court since 2010. He brings the instant civil rights action pursuant to 42 U.S.C. § 1983 against Police Officer Unknown Lawton, the City of Bellefontaine Neighbors, and St. Louis County. This appears to be the fourth time he has filed suit based on these allegations. *See Phillips v. Bittick, et al.,* No. 4:24-cv-00048 RWS (E.D. Mo. 2024) (dismissed pursuant to 28 U.S.C. § 1915(g)'s "three strikes" provision); *Phillips v. Lawton, et al.,* No. 4:24-cv-00120 RLW (E.D. Mo. 2024) (dismissed pursuant to Federal Rule of Civil Procedure 41(b)); *Phillips, et al. v Bittick, et al.,* No. 4:24-cv-00185 RLW (E.D. Mo. 2024) (dismissed pursuant to Federal Rule of Civil Procedure 41(b)).

At the outset of this litigation Plaintiff filed a Civil Complaint and a Motion for Leave to Proceed *in Forma Pauperis*, seeking to proceed without payment of the filing fee. Docs. [1], [3]. The Motion for Leave to Proceed *in Forma Pauperis* failed to provide all the information the Court needed to assess whether Plaintiff could proceed without payment of the filing fee under 28 U.S.C. § 1915(a)(1). Doc. [3]. In response to the question asking if he was employed, Plaintiff wrote a phone number and "please notify," along with the words "with representative payee." *Id.* at 1. Plaintiff specified that he has a representative payee who pays all his bills, and he claimed to receive approximately $5,219 in monthly income. *Id*. But he also asserted a

negative balance in his checking and savings accounts.  *See id.* at 2.  Plaintiff further stated that he is responsible for paying child support, a monthly mortgage, transportation costs, food and clothing costs, as well as monthly debts to various financial institutions.  *Id.*

On July 2, 2025, pursuant to Eastern District of Missouri Local Rules 2.05(A) and (C) and 28 U.S.C. § 1915(a), the Court denied Plaintiff's Motion for Leave to Proceed *in Forma Pauperis* without prejudice and ordered him to either pay the full filing fee of $405 or file a new motion within 21 days.  *See* Doc. [6].  Plaintiff was told that if he chose to file a new motion for leave to proceed *in forma pauperis*, he had to indicate in his motion what funds he has access to each month and what he needs permission from someone else to access.  *Id.*

On July 15, 2025, Plaintiff filed an Amended Complaint on a Court-provided form, with a separate addendum leveling additional allegations against Officer Lawton.  Docs. [7], [8].  The same day, he filed a new Motion for Leave to Proceed *in Forma Pauperis* on a Court-provided form.  Doc. [9].  He again claims to have a representative payee who provides him with an allowance of $415 per week for "food, clothing, miscellaneous."  *See id.* at 2.  Plaintiff's monthly income is listed as $5,219.  *Id.* at 1.  And he notes that he owns a single family four-bedroom home valued at $164,000, with all monthly expenses paid for by his representative payee.  *Id.* at 2.  Although Plaintiff lists two dependents, he states that the expenses for his dependents are paid from either his Social Security income or his Veterans' Benefits income.  *Id.* Plaintiff lists outstanding debts totaling $11,200, and he notes a negative balance in his checking and/or savings accounts in an amount of $399.00.  *Id.*

On August 11, 2025, Plaintiff filed a document entitled "Order to Show Cause," Doc. [10], which does not relate to *in forma pauperis* status but rather argues for summary judgment on the claims in his Amended Complaint.  *See id.*

## DISCUSSION

The Court may authorize the commencement or prosecution of a civil action without prepayment of fees if the plaintiff demonstrates he or she "is unable to pay such fees or give security therefor."  28 U.S.C. § 1915(a)(1).  Proceeding without prepayment of fees and costs, or *in forma pauperis*, is a matter of privilege, not of right.  *Williams v. McKenzie*, 834 F.2d 152, 154 (8th Cir. 1987).  To enjoy the statute's benefits, a litigant need not show that he is "absolutely destitute," but he must demonstrate that, because of his poverty, he cannot pay for the litigation costs and still be able to provide for the necessities of life.  *Adkins v. E.I. DuPont de*

*Nemours & Co.,* 335 U.S. 331, 339 (1948); *see also Lee v. McDonald's Corp.,* 231 F.3d 456, 459 (8th Cir. 2000).

Plaintiff does not qualify for *in forma pauperis* status based on the financial information provided in his motion.  Doc. [9].  Plaintiff's gross income totals $5,219 per month ($62,628 per year), with all monthly expenses paid by his representative payee.  Doc. [9] at 1.  Plaintiff's dependents are provided for by his disability payments, and he owns his own home.  While his representative payee controls the bulk of his income, he receives a cash stipend each month for additional expenses.  Based on the gross income and expense information provided in the motion, Plaintiff can pay for the litigation costs associated with this matter and still be able to provide for the necessities of life.  *See Adkins*, 335 U.S. at 339.  As such, the Court denies the Motion for Leave to Proceed *in Forma Pauperis*.  For this case to proceed, Plaintiff must pay the full $405 filing fee no later than **Friday, April 17, 2026**.  Plaintiff's failure to do so will result in the dismissal of this action without prejudice.

Last, because no service has been effected nor discovery commenced, Plaintiff's arguments for summary judgment in his "Order to Show Cause" are premature.  *See* Doc. [10].

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in Forma Pauperis*, Doc. [9], is **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff must pay the $405 filing fee no later than **Friday, April 17, 2026**, to avoid dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's "Order to Show Cause," Doc. [10], is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 23rd day of March, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3