# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CLINT PHILLIPS, III, )
)
      Plaintiff, )
)
v. )
)     No. 4:25-cv-00221-SEP
)
UNKNOWN LAWTON, et al., )
)
      Defendants. )

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. On March 23, 2026, the Court ordered Plaintiff Clint Phillips, III, to pay the full $405 filing fee. Doc. [11]. He failed to do so, and as a result, this action is dismissed due to Plaintiff's failure to comply with the Court's Order. *See* Fed. R. Civ. P. 41(b).

## BACKGROUND

Plaintiff has filed more than 70 cases in this Court since 2010. He brings the instant civil rights action pursuant to 42 U.S.C. § 1983 against Police Officer Unknown Lawton, the City of Bellefontaine Neighbors, and St. Louis County. This is the fourth time he has filed suit based on these allegations. *See Phillips v. Bittick,* No. 4:24-cv-00048 RWS (E.D. Mo. 2024) (dismissed pursuant to 28 U.S.C. § 1915(g)'s "three strikes" provision); *Phillips v. Lawton,* No. 4:24-cv-00120 RLW (E.D. Mo. 2024) (dismissed pursuant to Federal Rule of Civil Procedure 41(b)); *Phillips v Bittick,* No. 4:24-cv-00185 RLW (E.D. Mo. 2024) (dismissed pursuant to Federal Rule of Civil Procedure 41(b)).

At the outset of this litigation, Plaintiff filed a Civil Complaint and a Motion for Leave to Proceed *in Forma Pauperis*, seeking to proceed without payment of the filing fee. Docs. [1], [3]. The motion failed to provide information the Court needed to assess whether it should be granted. Doc. [3]. In response to the question asking if he was employed, Plaintiff wrote a phone number and "please notify" along with the words "with representative payee." *Id*. at 1. Plaintiff specified that he has a representative payee who pays all his bills, and he claimed to receive approximately $5,219 in monthly income. *Id*.

On July 2, 2025, pursuant to Eastern District of Missouri Local Rules 2.05(A) and (C) and 28 U.S.C. § 1915(a), the Court denied Plaintiff's motion without prejudice and ordered him

to either pay the full filing fee of $405 or file a new motion within 21 days. *See* Doc. [6]. Plaintiff was told that if he chose to file a new Motion for Leave to Proceed *in Forma Pauperis*, he had to indicate in his motion what funds he has access to each month and whether he needs permission from someone else to access such funds. *Id*.

On July 15, 2025, Plaintiff filed an Amended Complaint on a Court-provided form, with a separate addendum leveling additional allegations against Officer Lawton. Docs. [7], [8]. The same day, he filed a new Motion for Leave to Proceed *in Forma Pauperis* on a Court-provided form. Doc. [9]. He again claimed to have a representative payee who provided him with an allowance of $415 per week for "food, clothing, miscellaneous." *See id.* at 2. Plaintiff's monthly income was listed as $5,219. *Id.* at 1. And he noted that he owned a single family four-bedroom home valued at $164,000, with all monthly expenses paid by his representative payee. *Id.* at 2. Although Plaintiff listed two dependents, he stated that the expenses for his dependents were paid from either his Social Security income or his Veterans' Benefits income. *Id.* Plaintiff listed outstanding debts totaling $11,200, and he noted a negative balance in his checking and/or savings accounts in an amount of $399.00. *Id.*

On March 23, 2026, the Court denied Plaintiff's Motion to Proceed *in Forma Pauperis* based on the financial information provided. Doc. [9]. The Court found that Plaintiff's gross income totaled $5,219 per month, or $62,628 per year, with all monthly expenses paid by his representative payee. Doc. [9] at 1. Additionally, Plaintiff's dependents were provided for by his disability payments, and he owned his own home. While his representative payee controlled the bulk of his income, he received a cash stipend each month for additional expenses.

Based on the gross income and expense information provided in the motion, the Court found that Plaintiff was able to pay for the litigation costs associated with this matter and still pay for the necessities of life. Plaintiff was ordered to pay the $405 filing fee by Friday, April 17, 2026, and was warned that failure to comply with the Court Order would result in a dismissal of this action. That deadline has now passed without compliance.

**DISCUSSION**

Federal Rule of Civil Procedure 41(b) provides, in relevant part, that "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules of Civil Procedure] or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiff has failed to comply with this Court's March 23, 2026, Memorandum and Order. The action will therefore be

2

dismissed without prejudice  *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.,* 370 U.S. 626, 630-31 (1962); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (per curiam); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice pursuant to Federal Rule of Civil Procedure 41(b).  A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that an appeal of this Order would not be taken in good faith.

Dated this 27th day of April, 2026.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE

3